IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SIMON NEWMAN,**

    **Plaintiff**

**v.**  //  CIVIL ACTION NO. 1:07CV121
                                (Judge Keeley)

**UNITED STATES OF AMERICA**

    **Defendant.**

**ORDER 1)VACATING EARLIER ORDER DATED JULY 22, 2008,
2) DEEMING PLAINTIFF'S OBJECTIONS TIMELY FILED,
3) ADOPTING REPORT AND RECOMMENDATION AND DISMISSING
CASE WITH PREJUDICE, 4) FILING NOTICE OF
INTENT TO APPEAL EFFECTIVE AUGUST 13, 2008, AND
5) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

On September 13, 2007, the pro se plaintiff, Simon Newman ("Newman"), filed a complaint pursuant to the Federal Tort Claims Act, which this Court referred to United States Magistrate Judge James E. Seibert for initial screening and a Report and Recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation 83.09. On June 25, 2008, Magistrate Judge Seibert issued an R&R recommending that this Court grant the defendant's motion to dismiss and dismiss the case with prejudice. The R&R also specifically warned Newman that failure to object within ten (10) days following receipt of the R&R would result in the waiver of any appellate rights on this issue. Nevertheless, Newman failed

**ORDER 1)VACATING EARLIER ORDER DATED JULY 22, 2008,
2) DEEMING PLAINTIFF'S OBJECTIONS TIMELY FILED,
3) ADOPTING REPORT AND RECOMMENDATION AND DISMISSING
CASE WITH PREJUDICE, 4) FILING NOTICE OF
INTENT TO APPEAL EFFECTIVE AUGUST 13, 2008, AND
5) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

to timely file any objections.[1]  On July 22, 2008, therefore, this Court entered an order adopting the R&R and dismissing the case with prejudice.

On August 11, 2008, the Court received Newman's objections to the R&R stating that, although he had received the R&R on July 9, 2008 and had attempted to serve his objections on the same date, circumstances at USP-Beaumont prevented him from doing so and his objections, therefore, had not been mailed from that facility until sometime after July 17, 2008. Thus, when the Court entered its Order On July 22, 2008 dismissing his case with prejudice his objections were en route.

Giving Newman the benefit of the doubt regarding when he states he attempted to serve his objections on a timely basis, the Court **VACATES** its earlier order (dkt. no. 35), deems Newman's objections to be timely filed, and will conduct a de novo review of those objections.

---

[1] Newman's failure to object to the Report and Recommendation not only waived his appellate rights in this matter, but also relieved the Court of any obligation to conduct a de novo review of the issue presented.  See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).

**NEWMAN V. USA**                                                1:07CV121

**ORDER 1)VACATING EARLIER ORDER DATED JULY 22, 2008,
2) DEEMING PLAINTIFF'S OBJECTIONS TIMELY FILED,
3) ADOPTING REPORT AND RECOMMENDATION AND DISMISSING
CASE WITH PREJUDICE, 4) FILING NOTICE OF
INTENT TO APPEAL EFFECTIVE AUGUST 13, 2008, AND
5) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

Upon <u>de novo</u> review, the Court finds that the Magistrate Judge properly applied the controlling legal standards from <u>Medina v. United States</u>, 259 F.3d 220, 223 (4th Cir. 2001); <u>McDonald v. University of W.Va. Board of Trustees</u>, 444 S.E.2d 57, 60 (W.Va. 1994); and <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981), when he determined that Newman's complaint failed to state a claim for negligence or any Eighth Amendment violations. The Magistrate Judge also properly determined that Newman had failed to state any claim that would entitle him to relief under the Federal Tort Claims Act.

Consequently, the Court **ADOPTS** the Report and Recommendation in its entirety (dkt. no. 31), **GRANTS** the defendant's motion to dismiss or in the alternative for summary judgment (dkt. no. 23), and **DISMISSES** this case **WITH PREJUDICE.** The Clerk is ordered to **STRIKE** this case from the Court's docket.

Because Newman has already filed his Notice of Intent to Appeal from this Court's now vacated earlier order (dkt. no. 35), the Court deems that Notice to be filed effective August 13, 2008, and as to that Order concludes that Newman has timely filed his Notice of Appeal in this case. The Court further notes that Newman also filed an "Application to Appeal <u>In Forma Pauperis</u>." After

**NEWMAN V. USA**                                                     1:07CV121

**ORDER 1)VACATING EARLIER ORDER DATED JULY 22, 2008,
2) DEEMING PLAINTIFF'S OBJECTIONS TIMELY FILED,
3) ADOPTING REPORT AND RECOMMENDATION AND DISMISSING
CASE WITH PREJUDICE, 4) FILING NOTICE OF
INTENT TO APPEAL EFFECTIVE AUGUST 13, 2008, AND
5) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**

reviewing Newman's application to proceed on appeal in forma pauperis, the Court **GRANTS** that application (dkt. no. 40) and he may proceed on appeal in forma pauperis.

   The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested, at his current address at USP-Beaumont, and to transmit copies of this Order to counsel of record.

Dated: August 13, 2008.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE